**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL JONES, III,<br>            Appellant, | DOCKET NUMBER<br>DE-3330-14-0555-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>    HUMAN SERVICES,<br>            Agency. | DATE: April 3, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

William A. Biglow, Esquire, and Matthew M. Vince, Washington , D.C.,
    for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a 5-point preference-eligible veteran, timely filed this appeal in which he claimed that the agency violated his veterans' preference rights when it determined that he was not qualified for a GS-13 Public Health Advisor position with the agency's Substance Abuse and Mental Health Administration, vacancy announcement HHS-SAMHSA-DE-14-1135041. Initial Appeal File (IAF), Tab 1. He demonstrated exhaustion of his administrative remedies before the Department of Labor, which, in an August 15, 2014 letter, informed him that it had completed its investigation of his timely-filed complaint but that it had no authority to investigate or determine specific job requirements under VEOA. *Id.* at 4, 8.

¶3 Without holding the requested hearing, *id*. at 2, the administrative judge found jurisdiction over the appeal but denied the appellant's request for corrective action because he found that the agency established by preponderant evidence that it did not improperly omit, overlook, or exclude any portion of the appellant's experience or work history in assessing his qualifications for the vacancy at issue such that it did not violate his veterans' preference rights in

doing so, IAF, Tab 18, Initial Decision (ID).  In his timely-filed petition for review, the appellant argues that the administrative judge was biased against him.  Petition for Review (PFR) File, Tab 1 at 6-10.  The appellant also challenges the administrative judge's decision to forego a hearing and decide the appeal on the written record.  *Id.* at 10-15.  The agency has responded in opposition to the appellant's petition for review.  PFR File, Tab 3.

¶4      In pertinent part, to be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights.  *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006).  The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).  As the following discussion indicates, we agree that the record presents no genuine issue of material fact and find that the administrative judge appropriately denied the appellant's request for corrective action under VEOA on the written record.

¶5      Under 5 C.F.R. § 302.302(d), when experience is a factor in determining eligibility, as it is in the instant matter, an agency shall credit a preference eligible like the appellant as follows:

> (1) with time spent in the military service of the United States if the position for which he/she is applying is similar to the position which he/she held immediately before his/her entrance into the military service; and
>
> (2) with all valuable experience, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefor.

¶6      Nevertheless, "VEOA does not enable veterans to be considered for positions for which they are not qualified."  *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (citing *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000)).  In the context of a VEOA claim, the Board may examine whether an agency properly assessed an

applicant's qualifications as part of its analysis of whether the agency afforded that individual, in accordance with relevant veterans' preference statutes or regulations, the right to compete for a position. *Lazaro*, 666 F.3d at 1321. In doing so, the Board's authority is limited to examining whether the hiring agency improperly omitted, overlooked, or excluded any of the appellant's experience in assessing his or her qualifications for the position at issue, in order to ensure that the agency considered and credited any experience material to the position. *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009).

¶7    In that regard, the agency official who conducted a detailed qualifications analysis of the appellant's application specified in a sworn statement that the appellant's 31-page resume showed that he lacked experience in the areas of "criminal justice, substance abuse, oversight of grants and contracts, and experience with evidence-based practices for substance use disorders," all of which were among the required experience for the position at issue. IAF, Tab 9 at 11, 82. The appellant does not challenge this finding on review and we agree with the administrative judge that the record does not reflect that the agency violated the appellant's veterans' preference rights in considering his experience material to the position at issue and in determining that his lack of such experience indicated that he was not qualified for the position.

¶8    Regarding the appellant's claim that the administrative judge was biased against him, in making such a claim, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Further, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant filed a motion in the appeal below to disqualify the administrative judge

in which he explicitly explained why he believes that the administrative judge was biased against him. IAF, Tab 6. In his ruling on the appellant's motion, the administrative judge provided a detailed explanation of why the appellant failed to meet the above-cited burden. IAF, Tab 12. The appellant repeats his arguments on review. PFR File, Tab 1 at 6-9. We agree with the administrative judge's analysis and find that the appellant's arguments on review do not show that the administrative judge either erred or abused his discretion in this matter.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
William D. Spencer
Clerk of the Board

Washington, D.C.